**IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA**

ALAN J. DeLUCIA and
DEBORAH T. DALY,

    Plaintiff,

v.                             CASE NO.

MID-CONTINENT CASUALTY COMPANY,

    Defendant.
_____/

## COMPLAINT

Plaintiffs, ALAN J. DeLUCIA and DEBORAH T. DALY, sues Defendant, MID-CONTINENT CASUALTY COMPANY, and allege:

1. This is an action for Declaratory Judgment under Chapter 86 Florida Statutes and for damages that exceed $15,000.00.

2. Defendant, MID-CONTINENT CASUALTY COMPANY, is an insurer authorized to do business in the State of Florida and more specifically, it is the insurer for Tuscany Lake of Venice, Inc. and Waterford Construction, Inc. Attached as Exhibit A to this Complaint is a certificate of Insurance utilized by Waterford Construction, Inc. and Tuscany Lake of Venice, Inc. to enable them to obtain building permits in Venice, Florida.

3. All events giving rise to this action occurred in

1

Sarasota County, Florida.

4. On June 23, 2009, Plaintiffs obtained a judgment against Waterford Construction, Inc. and Tuscany Lake of Venice, Inc. as result of construction defects which resulted in damage to their condominium unit at Tuscany Lakes. As result, Plaintiff is a Third Party beneficiary to the policy of insurance. (Exhibit B)

5. Despite being the insurer for Waterford Construction, Inc. and Tuscany Lake of Venice, Inc., Defendant, MID-CONTINENT CASUALTY COMPANY, has denied Plaintiffs' request to cover their losses as embodied in the judgment attached hereto as Exhibit B.

6. Attached as Exhibit C is a copy of a June 17, 2009 letter from Defendant, MID-CONTINENT CASUALTY COMPANY, to Landco (Waterford Construction, Inc. and Tuscany Lake of Venice, Inc.) which includes a policy description and a reservation of rights under the policy of insurance, as well as the policy excerpts deemed pertinent to Defendant.

7. There exists a present, genuine and justifiable controversy between the parties and a declaratory judgment is required to adjudicate the rights of the parties.

8. Plaintiffs are uncertain as to their rights.

9. Plaintiffs have retained the undersigned attorney and agreed to pay a reasonable fee for services rendered. Under Chapter 627.428 Florida Statutes, Plaintiffs will be entitled to attorney's fees as the prevailing party.

WHEREFORE, Plaintiffs pray:

A. This Court will accept jurisdiction of this matter;

B. Adjudicate the respective rights and obligations of the parties;

C. Order payment of Plaintiffs' fees and costs;

D. Grant supplemental relief in form of a judgment against the Defendant; and

E. Such other and further relief as this Court deems just.

### DEMAND FOR JURY

Plaintiffs hereby demand trial by jury of all issues in this case.

ROBERT E. TURFFS, P.A.

By: _____
ROBERT E. TURFFS, ESQUIRE
Florida Bar # 363391
1444 First Street, Suite B
Sarasota, Florida   34236
Telephone: (941) 953-9009
Facsimile: (941) 953-5736
Attorney for Plaintiffs

# Exhibit A

| ACORD_ CERTIFICATE OF LIABILITY INSURANCE | | OP ID LC LANDDE1 | DATE (MM/DD/YYYY) 08/01/05 |
|---|---|---|---|
| PRODUCER<br>Boyd Insurance &<br>Investment Services, Inc.<br>717 Manatee Avenue West #300<br>Bradenton FL 34205<br>Phone: 941-745-8300  Fax: 941-745-2571 | | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | |
| | | INSURERS AFFORDING COVERAGE | NAIC # |
| INSURED<br>Landco Development Corp.<br>Waterford Construction, Inc.<br>and as shown on supplemental page<br>333 S. Tamiami Tr. #101<br>Venice FL 34285 | | INSURER A  Mid-Continent Casualty Co. | |
| | | INSURER B | |
| | | INSURER C | |
| | | INSURER D | |
| | | INSURER E | |

COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED  NOTWITHSTANDING ANY REQUIREMENT TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN  THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES  AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | **GENERAL LIABILITY**<br>X COMMERCIAL GENERAL LIABILITY<br>☐ CLAIMS MADE  X OCCUR<br>X PD Ded. 25000<br><br>GEN'L AGGREGATE LIMIT APPLIES PER<br>☐ POLICY  ☐ PROJECT  ☐ LOC | 04GL000607229 | 07/30/05 | 07/30/06 | EACH OCCURRENCE<br>DAMAGE TO RENTED PREMISES (Ea occurence)<br>MED EXP (Any one person)<br>PERSONAL & ADV INJURY<br>GENERAL AGGREGATE<br>PRODUCTS - COMP/OP AGG | $1000000<br>$100000<br>$ EXCLUDED.<br>$1000000<br>$2000000<br>$2000000 |
| | | **AUTOMOBILE LIABILITY**<br>☐ ANY AUTO<br>☐ ALL OWNED AUTOS<br>☐ SCHEDULED AUTOS<br>☐ HIRED AUTOS<br>☐ NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident)<br>BODILY INJURY (Per person)<br>BODILY INJURY (Per accident)<br>PROPERTY DAMAGE (Per accident) | $<br>$<br>$<br>$ |
| | | **GARAGE LIABILITY**<br>☐ ANY AUTO | | | | AUTO ONLY - EA ACCIDENT<br>OTHER THAN  EA ACC<br>AUTO ONLY  AGG | $<br>$<br>$ |
| | | **EXCESS/UMBRELLA LIABILITY**<br>☐ OCCUR  ☐ CLAIMS MADE<br><br>☐ DEDUCTIBLE<br>☐ RETENTION  $ | | | | EACH OCCURRENCE<br>AGGREGATE | $<br>$<br>$<br>$<br>$ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes describe under SPECIAL PROVISIONS below | | | | WC STATU-  OTH-<br>TORY LIMITS  ER<br>E L EACH ACCIDENT<br>E L DISEASE - EA EMPLOYEE<br>E L DISEASE - POLICY LIMIT | $<br>$<br>$ |
| | | OTHER | | | | | |

REC'D AUG 02 2005

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| VENI001<br><br>City of Venice Building Dept.<br>401 W Venice Ave<br>Venice FL 34285 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  10  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE<br>Pat Osburn  P. Osburn |

ACORD 25 (2001/08)  © ACORD CORPORATION 1988

| NOTEPAD: | INSURED'S NAME Landco Development Corp. | LANDDE1 OP ID LO | PAGE 3 DATE 08/01/05 |

Additional named insureds: Casa Di Amici Venice, LLC; CDAWC Management, LLC; FRC, LLC; Mirabella Condominiums, LLC; Tuscany Lake of Venice, LLC; Waterford at Magnolia Park; Waterford at Pinebrook Preserve; Waterford at Rotunda, LLC; Waterford at San Lino, LLC; Waterford Courtyards at Plantation; Waterford NPC, LLC

Licensing Portal - License Details                                      Page 1 of 1



 Log On         DBPR Home | Online Services Home | Help · Site Map

1 55 24 F

**Public Services**
Search for a Licensee
Apply for a License
View Application Status
Apply to Retake Exam
Find Exam Information
File a Complaint
AB&T Delinquent Invoice & Activity List Search

**User Services**
Renew a License
Change License Status
Maintain Account
Change My Address
View Messages
Change My PIN
View Continuing Ed

Term Glossary
Online Help

Licensee Details
**Licensee Information**

| | |
|---|---|
| Name: | SMITH, MARCUS PATTERSON (Primary Name) |
| | WATERFORD CONSTRUCTION INC (DBA Na |
| Main Address: | 333 SOUTH TAMIAMI TRAIL SUITE 101 |
| | VENICE Florida 34285 |
| County: | SARASOTA |
| License Mailing: | |
| LicenseLocation: | 395 COMMERCIAL COURT |
| | SUITE A |
| | VENICE  FL  34292 |
| County: | SARASOTA |

**License Information**

| | |
|---|---|
| License Type: | Certified General Contractor |
| Rank: | Cert General |
| License Number: | CGC061063 |
| Status: | Current,Active |
| Licensure Date: | 12/17/1999 |
| Expires: | 08/31/2006 |

| Special Qualifications | Qualification Effective |
|---|---|
| Bldg Code Core Course Credit | |
| Qualified Business License Required | 06/14/2004 |

View Related License Information
View License Complaint

| Terms of Use | | Privacy Statement |

# Exhibit B

IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT
IN AND FOR SARASOTA COUNTY, FLORIDA

ALAN J. DeLUCIA and
DEBORAH T. DALY,

    Plaintiffs,

v.                            CASE NO. 2007 CA 000982 SC

TUSCANY LAKE OF VENICE, INC.,
a Florida Corporation and
WATERFORD CONSTRUCTION, INC.,
a Florida Corporation,

    Defendants.
_____/

## FINAL JUDGMENT

This action was tried before the Court. On the evidence presented

**IT IS ADJUDGED THAT:** Plaintiffs, ALAN J. DeLUCIA and DEBORAH T. DALY at 22 LEROY DR. BURLINGTON, MA 01803, recover from the Defendants, TUSCANY LAKE OF VENICE, INC., a Florida Corporation, Tax ID unknown, and WATERFORD CONSTRUCTION, INC., a Florida Corporation, Tax ID unknown, the sum of one hundred twenty-two thousand two hundred seventy-four Dollars and thirty-nine cents ($122,274.39) that shall bear interest at the rate of 8% per year. The Court reserves jurisdiction to award costs and attorney's fees.

**DONE AND ORDERED** in Sarasota, Sarasota County, Florida, this _____ day of June, 2009.

                                            _____
                                            HONORABLE ROBERT B. BENNETT
                                            CIRCUIT CIVIL JUDGE

Copies furnished to:
Robert E. Turffs, Esquire
Jon Preiksat, Esquire

# Exhibit C



# MID-CONTINENT

Mid-Continent Casualty Company ▲ Mid-Continent Assurance Company ▲ Oklahoma Surety Company

PO Box 2928 Tulsa, OK 74101-2928 (813) 260-7172 Toll Free (866) 610-1158
FAX (918) 588-0897 claims@mcg-ins.com

June 17, 2009

CERTIFIED MAIL     Cert# 7009 0960 0000 1602 6394
RETURN RECEIPT REQUESTED
and Regular U.S. Mail

Landco Development Corporation
243 South Tamiami Trail, Suite 101
Venice, FL 34285

    Re:    Claim No.:    1901792 - WKA
           Insured:     Landco Development Corp.
           Claimant:    Alan J. DeLucia & Debra T. Daly
           Date/Loss:   September 1, 2006

Dear Insured:

This letter is to acknowledge Mid-Continent Casualty Company's receipt of a claim being presented by attorney Robert E. Turffs, P.A., whose office is located at 1444 First Street, Suite B, Sarasota, Florida 34236, who presently represents Alan J. DeLucia and Debra T. Daly against Tuscany Lake of Venice, Inc. Allegations arising out of this claim relate to mold damage throughout their condominium unit.

Mid-Continent Casualty Company will be investigating the extent, if any, of its obligations to Landco Development Corporation, under the terms of the referenced policy. For the reasons outlined below, *Mid-Continent Casualty Company reserves its rights* in this matter and neither this correspondence nor any future communications or investigations shall be deemed as a waiver of any right or defense available to Mid-Continent Casualty Company (MCC).

This claim is being investigated under Mid-Continent Casualty Company's policy number GL-640878, effective 7/30/06 to 7/30/07, issued to Landco Development Corporation This policy incorporates limits of liability of $1,000,000.00 per occurrence and is subject to a $50,000.00 property damage deductible per claim.

Liability coverage on your Commercial General Liability policy. CG 00 01 (12/04) is outlined below by the insuring agreement on page one of the policy.

member of GREATAMERICAN.
INSURANCE GROUP

2

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

    (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    b. This insurance applies to "bodily injury" and "property damage" only if:

    (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    (2) The "bodily injury" or "property damage" occurs during the policy period; and

    (3) Prior to the policy period, no insured listed under Paragraph 1. of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed Insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

    c. "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period

    d. "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph 1. of Section II – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim

    (1) Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer.

    (2) Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage"; or

    (3) Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur.

    e. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury"

In addition, the liability insurance coverage afforded under Mid-Continent's policy is subject to certain exclusions that are outlined beginning on page two of the policy, including the following

3

2. Exclusions

This insurance does not apply to:

a. Expected or Intended Injury

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property

f. Pollution

   (2) Any loss, cost or expense arising out of any

   (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants", or

   (b) Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

   However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority

k. Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

m. Damage To Impaired Property Or Property Not Physically Injured

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

n. Recall Of Products, Work Or Impaired Property

Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of

(1) "Your product";

(2) "Your work"; or

(3) "Impaired property";

4

> If such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency, inadequacy or dangerous condition in it.

A review of your policy shows that MCC issued an endorsement to the policy, CG 22 94 (10/01) - Damage to work performed by subcontractors on your behalf.

CG 22 94 (10/01)

# EXCLUSION – DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

Exclusion l. of Section I – Coverage A – Bodily Injury And Property Damage Liability is replaced by the following

**2. Exclusions**

This insurance does not apply to:

**l. Damage To Your Work**

"Property damage" to "your work" arising out of it or any part of It and included in the "products-completed operations hazard".

A review of your coverages, MCC Issued an endorsement to the policy, ML 12 17 (11/04)

ML 12 17 (11/04)

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY

## FUNGUS, MILDEW AND MOLD EXCLUSION

This insurance does not apply to:

1. "Bodily injury", "property damage", "personal and advertising injury" or "medical payments" arising out of, resulting from, caused by, contributed to, attributed to, or in any way related to any fungus, mildew, mold or resulting allergens;

2. Any costs or expenses associated, in any way, with the abatement, mitigation, remediation, containment, detoxification, neutralization, monitoring, removal, disposal or any obligation to investigate or assess the presence or effects of any fungus, mildew, mold or resulting allergens, or

3. Any obligation to share with or repay any person, organization or entity, related in any way to items 1 and 2.

The following terms are defined in the policy and may be relevant to this reservation of rights letter. We suggest that you review and familiarize yourself with these terms.

**SECTION V – DEFINITIONS**

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:
   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or
   b. You have failed to fulfill the terms of a contract or agreement,
   if such property can be restored to use by:
   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or
   b. Your fulfilling the terms of the contract or agreement.

9. "Insured contract" means:
   a. A contract for a lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";
   b. A sidetrack agreement;
   c. Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;
   d. An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;
   e. An elevator maintenance agreement;
   f. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.
   Paragraph f. does not include that part of any contract or agreement:
   (1) That indemnifies a railroad for "bodily injury" or "property damage" arising out of construction or demolition operations, within 50 feet of any railroad property and affecting any railroad bridge or trestle, tracks, road-beds, tunnel, underpass or crossing;
   (2) That indemnifies an architect, engineer or surveyor for injury or damage arising out of
       (a) Preparing, approving, or failing to prepare or approve, maps, shop drawings, opinions, reports, surveys, field orders, change orders or drawings and specifications; or
       (b) Giving directions or instructions, or failing to give them, if that is the primary cause of the injury or damage, or
   (3) Under which the insured, if an architect, engineer or surveyor, assumes liability for an injury or damage arising out of the insured's rendering or failure to render professional services,

6

including those listed in (2) above and supervisory, inspection, architectural or engineering activities.

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

16. "Products-completed operations hazard":
    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:
       (1) Products that are still in your physical possession, or
       (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:
           (a) When all of the work called for in your contract has been completed.
           (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.
           (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project

       Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

    b. Does not include "bodily injury" or "property damage" arising out of:
       (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;
       (2) The existence of tools, uninstalled equipment or abandoned or unused materials, or
       (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states that products-completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:
    a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
    b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

    For the purposes of this insurance, electronic data is not tangible property.

    As used in this definition, electronic data means information, facts or programs stored as or on, created or used on, or transmitted to or from computer software, including systems and applications software, hard or floppy disks, CD-ROMS, tapes, drives, cells, data processing devices or any other media which are used with electronically controlled equipment.

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:
    a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

  b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the Insured submits with our consent.

21. "Your product":
 a. Means:
  (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:
   (a) You;
   (b) Others trading under your name; or
   © A person or organization whose business or assets you have acquired; and
  (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.
 b. Includes
  (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product", and
  (2) The providing of or failure to provide warnings or instructions
 c. Does not include vending machines or other property rented to or located for the use of others but not sold.

22. "Your work":
 a. Means:
  (1) Work or operations performed by you or on your behalf; and
  (2) Materials, parts or equipment furnished in connection with such work or operations
 b. Includes
  (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
  (2) The providing of or failure to provide warnings or instructions.

From our review of the details of this loss presented by Alan J. DeLucia and Debra T. Daly, it appears that some, or all, of the damages claimed are for property damage to your work. Damage to your work caused by defective workmanship is the insured's business risk and may not be covered damage.

Further, such damage may be excluded from coverage by one or more of the exclusions cited in this letter, including exclusions 2 a., f., k., m. & n., and including endorsement CG 22 94 (10/01) and ML 12 17 (11/04). On the other hand, damage to property other than your work, if any, caused by defective workmanship may be covered, subject to other terms and conditions of the policy.

Claims made, based on the theory of breach of warranty, either expressed or implied, are in actuality a claim based in contract. For any claim in which Landco Development Corporation has assumed an obligation under any contract for performance to which an expressed or implied warranty would be imposed by law, the policy may not provide coverage. Obligations of this type that Landco Development Corporation assumes that relate to defective work or damage to that work may be excluded from coverage, as explained above.

The foregoing policy provisions, in general, prevent the company from being a guarantor of Landco Development Corporation's workmanship. They also may preclude for the consequences of Landco Development Corporation's failure to live up to its agreements or to render an adequate performance. For example, the policy may not cover damage to Landco Development Corporation's workmanship caused by defects in, at or by an inadequate performance by Landco Development Corporation.

The above analysis constitutes the Company's best effort to inform you of all of the factors of which we are currently aware that may affect our ultimate responsibility to provide coverage and/or defense of any allegations made by Landco Development Corporation or the claimant in this case.

In summary, Mid-Continent Casualty Company reserves its rights not to indemnify Landco Development Corporation to the extent the claim made does not allege an occurrence, property damage caused by an occurrence, property damage, property damage during the policy period, if any exclusion referenced above applies or if the public policy precludes coverage for this claim. By informing Landco Development Corporation of these issues, the Company is not waiving any right that they may have under any policy of insurance issued by it or under any state or common law, whether or not mentioned in this letter. The Company expressly reserves all such rights.

Further, the Company reserves the right to rely on other policy definitions, limitations, conditions and/or exclusions, in the event continued investigation, litigation and/or discovery give rise to other allegations or facts, which may not be covered under the policy. Likewise, if Landco Development Corporation becomes aware of the development of any new facts which may affect the contents of this letter, it will be Landco Development Corporation's responsibility to provide the Company with this additional information. Pursuant to policy provisions, Landco Development Corporation is obligated to cooperate with Mid-Continent Casualty Company's investigation.

9

Sincerely,

MID-CONTINENT CASUALTY COMPANY

*W. Kay Allen*

Kay Allen
Senior Claim Representative

cc:  Boyd Insurance & Investment Services, Inc.
     717 Manatee Avenue West, #300
     Bradenton, FL 34205